UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MAIYA MCCOY, et al., | ) | CASE NO.: 1:20-CV-02489 |
| | ) | |
| Plaintiffs, | ) | JUDGE: DAN AARON POLSTER |
| | ) | |
| vs. | ) | **DEFENDANTS' CHIEF DUANE** |
| | ) | **WHITELY, ROBERT WHITING AND** |
| TONY CAMPO, et al., | ) | **HOLLY BRINDA'S MOTION TO** |
| | ) | **DISMISS PLAINTIFFS' SECOND** |
| Defendants. | ) | **AMENDED COMPLAINT** |
| | ) | |

Defendants Duane Whitely, Robert Whiting and Holly Brinda respectfully request that this Honorable Court dismiss all claims asserted against them in Plaintiffs' Second Amended Complaint[1] with prejudice pursuant to Rule 12(B)(6) of the Federal Rules of Civil Procedure. Plaintiffs' Second Amended Complaint fails to state any claims upon which relief can be granted. A memorandum in support of this Motion follows.

Respectfully submitted,

MAZANEC, RASKIN & RYDER CO., L.P.A.

*s/ David M. Smith*
DAVID M. SMITH (0079400)
CARA M. WRIGHT (0084583)
100 Franklin's Row - 34305 Solon Road
Cleveland, OH 44139
(440) 248-7906
(440) 248-8861 – Fax
dsmith@mrrlaw.com
cwright@mrrlaw.com

*Counsel for Defendants Duane Whitely, Robert Whiting and Holly Brinda*

---

[1] The Elyria Defendants maintain that the Second Amended Complaint is not properly before this Honorable Court, as Fed. R. Civ. Pro. 15 only permits a party to amend their pleading once as of course and requires leave of court for any subsequent amendments, a Joint Motion to Strike the 2nd Amended Complaint is being filed by all Defendants.

## **MEMORANDUM IN SUPPORT**

**I.  STATEMENT OF THE CASE**

Plaintiffs originally filed suit in the Lorain County Court of Common Pleas on April 27, 2020 in the case styled *McCoy, et. al. v. Sheffield Lake Police Dept.,* Case No. 20CV201054.  The Ohio trial court dismissed this case *sua sponte.*    Plaintiffs re-filed suit on May 11, 2020, in case No. 20CV201124. [2]  After multiple motions to dismiss were filed, Plaintiffs sought and requested leave to file an Amended Complaint.  The Amended Complaint alleged, for the first time, claims asserted under federal law.  Defendants removed the case to federal court.  The Amended Complaint, like the complaint originally filed in April 2020 and the complaint filed in May 2020, failed to state a claim upon which relief can be granted.  The parties, including the Elyria Defendants, subsequently filed renewed Motions to Dismiss, asserting that the Plaintiffs' Amended Complaint failed to state a claim upon which relief can be granted.  Doc. 3, 4, 5 and 6.

On November 19, 2020, Plaintiffs filed a Second Amended Complaint.  Doc. 9.  The Second Amended Complaint similarly fails to state any claims upon which relief can be granted and, as a result, all claims against the Elyria Defendants should be dismissed with prejudice.

**II.  STATEMENT OF THE ALLEGATIONS**

This case arises from the execution of an arrest warrant and search warrant against Non-Party Martin Robinson on May 31, 2018.  *Doc. 9, Second Amended Complaint*, ¶4.  Mr. Robinson has since been convicted of multiple charges and sentenced to prison as a result of the incident giving rise to Plaintiffs' Complaint.  *See Doc. 9, ¶24.*

---

[2] The original complaint also named the Elyria Police Department as a Defendant.  The Second Amended Complaint does not list the Elyria Police Department, does not include any allegations against the Elyria Police Department and the Elyria Police Department has not been served a copy of a summons or a complaint.  Furthermore, under Ohio law, the Elyria Police Department is not *sui juris*.  *Lawson v. City of Youngstown,* 912 F.Supp.2d 527 (N.D. Ohio 2012).  Consequently, to the extent that any claims have been asserted against the Elyria Police Department, the claims should be dismissed with prejudice.

2

The factual allegations contained within Plaintiffs' Second Amended Complaint are disjointed and difficult to follow. Plaintiff Martin Robinson appears to be alleging that the officers executing the search warrant lacked probable cause to conduct the search. *Id.* at ¶4. In particular, he alleges that the confidential informant provided false information and that the officers who signed the search warrant affidavit had doubts about the truth of the allegations contained within the affidavit. *Id.* at ¶27-28. Plaintiff Robinson complains about the conduct of the judge and prosecutors during his criminal trial. *Id.* at ¶33-42. He further complains about the conditions of his confinement following his conviction. *Id.* at ¶18-23

It appears that Plaintiff Maiya McCoy alleges that her rights were violated when someone searched her cell phone. *Id. at 31*. Plaintiff Laura Thompson claims that the "Lorain County SWAT team" falsely imprisoned her. *Id.* at ¶10. Plaintiff Jennifer Ginley claims that she faced "retaliation and harassment for being a witness and recording officers." *Id.* at ¶12.

The Second Amended Complaint is still wholly lacking of any substantive allegations related to the conduct of Elyria Police Chief Duane Whitely, Officer Robert Whiting and Mayor Holly Brinda. There are no factual allegations related to Chief Whitely at all. Plaintiffs include only a conclusory allegation related to Officer Robert Whiting, asserting that he is "accused of obstructing justice and tampering with evidence." Doc. 9, ¶15. This "accusation" is not substantiated by any factual allegations that would support the accusation. Finally, the sole allegations related to Mayor Brinda is the incorrect assertion that Mayor Brinda is responsible for supervising police officers and that she later ignored phone calls and faxes from the Plaintiffs. Doc. 9, ¶53-55.

These conclusory allegations are insufficient to state any claims against Duane Whitely, Robert Whiting and Holly Brinda. For the reasons stated below, all claims against Duane Whitely, Robert Whiting, and Holly Brinda should be dismissed in their entirety.

### III. LAW AND ARGUMENT

**A. There are no allegations related to Duane Whitely and the claims against him must be dismissed.**

The Second Amended Complaint does not contain a single factual allegation related to Elyria Police Chief Duane Whitely. Courts within the Sixth Circuit have held that "when a plaintiff fails to allege any action by a defendant, it necessarily appears beyond doubt that the plaintiff can prove no set of facts which would entitle her to relief." *Smith v. Breen*, W.D. Tenn. No. 09-2770-STA, 2010 WL 2557447 (June 21, 2010). When a person is named as a defendant without an allegation of specific conduct, even under the liberal construction afforded to *pro se* complaint, the complaint against that defendant is subject to dismissal. *Barfield v. Fender*, N.D. Ohio No. 4:19-cv-2306, 2020 WL 709274 (Feb. 12, 2020). As Plaintiffs have failed to allege any facts related to Chief Whitely, the claims (if any) asserted against him should be dismissed with prejudice.

**B. Plaintiffs' Second Amended Complaint fails to state any claims upon which relief can be granted.**

    **1. Standard of Review.**

An action may be dismissed if the complaint fails to state a claim upon which relief can be granted. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008), Fed. R. Civ. Pro. 12(b)(6). In ruling on a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint in favor of the plaintiff, accept the plaintiff's factual allegations as true, and determine whether plaintiff's factual allegations present plausible claims.

4

*Bowman v. U.S.,* 564 F.3d 765, 769 (6th Cir. 2008). However, "a legal conclusion couched as a factual allegation" need not be accepted as true. *Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d. 673 (6th Cir. 2011), *citing Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff's obligation to provide the grounds for their claimed entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements will not do." *Id.*

To survive a Rule 12(b)(6) motion for dismissal, the complaint must state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). This plausibility requirement is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Id.* Plaintiffs' Second Amended Complaint fails to meet this standard.

    **2.    Plaintiffs' federal law claims fail as a matter of law.**

        **a.    Plaintiffs have failed to allege any actionable conduct as to the Defendants.**

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Adkins*, 487 U.S. 42, 48 (1988). If a plaintiff fails to make a showing on any essential element of a §1983 claim, it must fail. *Id.* Because vicarious liability is inapplicable to § 1983 suits, a plaintiff must plead that each defendant, through the defendant's own individual actions, violated the Constitution. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Plaintiffs have not alleged any conduct by Chief Whitely, Officer Whiting or Mayor Brinda that violated the Plaintiffs' constitutional rights. There are no allegations that these individuals

5

engaged in any conduct related to the Plaintiffs at all. For this reason alone, Plaintiffs' federal law claims against these Defendants fail as a matter of law.

                **b.**        **Any claims asserted by Robinson are barred by the *Heck* doctrine.**

It is well established that a plaintiff cannot attack the validity of a conviction in a § 1983 civil action. *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the U.S. Supreme Court held that a § 1983 claim is not cognizable if it would render a criminal conviction or sentence invalid. The Court held that in order to bring a §1983 civil claim for damages for allegedly unconstitutional convictions or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a "§1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 486-87. Furthermore, the *Heck* Court held that if a § 1983 complaint would "necessarily imply the invalidity of his conviction or sentence… the complaint must be dismissed." *Id*.

Robinson's claims challenging the execution of the search warrant necessarily implies the invalidity of his ultimate criminal conviction. There can be no dispute that Robinson was ultimately convicted and sentenced to prison. Consequently, any claims related to the execution of the search warrant and conduct of the officers during the course of the execution of the search warrant fail as a matter of law.

                **c.**        **Any claims related to the May 31, 2018 search is barred by the applicable statute of limitations.**

In the alternative, to the extent that any claims asserted by Plaintiff Robinson are not barred by *Heck*, the claims are barred by the applicable statute of limitations. Section 1983 does not

6

specify a statute of limitations. Instead, "[a]ctions brought pursuant to 42 U.S.C. § 1983 apply the statute of limitations from a state's general personal injury statute." *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir.2003), quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). The Sixth Circuit has long determined that the two-year statute of limitations period contained in R.C. § 2305.10 applies to § 1983 actions. See *Trzebuckowski*, 319 F.3d at 855-56; *Browning v. Pendleton*, 869 F.2d 989, 991 (6th Cir.1989) (stating that "when a state, like Ohio, has multiple statutes of limitation for personal injury actions, the appropriate state statute of limitations to borrow for claims brought under 42 U.S.C. § 1983 is the residual or general personal injury statute of limitations, not any statute of limitations for specific intentional tort" (citations omitted)). The two-year statute of limitations "'begins to run when plaintiffs knew or should have known of the injury which forms the basis of their claims.'" *Hodge v. City of Elyria*, 126 Fed.Appx 222, 224 (6th Cir.2005), quoting *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir.2001).

Courts throughout the Sixth Circuit have routinely held that a claim for an unlawful search and seizure accrues on the date that the search and seizure takes place. *See Harper v. Jackson*, 293 Fed. Appx. 389, FN1 (6th Cir. 2008)(claim for illegal search and seizure under §1983 accrued on the date of the alleged illegal search and seizure); *Sharpe v. City of Springfield*, S.D. Ohio No. 3:10-cv-00027, 2010 WL 1258131 (Feb. 23, 2010); *Pethel v. Washington County Sheriff's Office*, S.D. Ohio No. 2:06-cv-799, 2007 WL 2359765 (Aug. 16, 2007); *Davis v. Clark County Bd. of Com'rs*, S.D. Ohio No. 3:08-cv-0412, 2010 WL 333651, *3 (Jan. 21, 2010) ("In instances of unlawful search and seizure, then the cause of action accrues when the injured person becomes aware that the search and property seizure occurred, not when the warrant is legally adjudicated to have been defective.")

Here, Plaintiffs are quite clear that "the event… happened on May 31, 2018." Doc. 9, ¶4. Plaintiff Robinson did not assert any claims until the filing of the Second Amended Complaint on November 18, 2020. Consequently, the Second Amended Complaint was filed more than five months after the statute of limitations had expired. As a result, any claims asserted by Plaintiff Robinson are barred by the statute of limitations and must be dismissed with prejudice.

> **d. Plaintiffs have failed to state a claim for supervisory liability against Mayor Brinda.**

Plaintiffs attempt to have Mayor Brinda found liable under a supervisory liability theory. This attempt fails. As a preliminary matter, unconstitutional conduct by a subordinate is a clear prerequisite for a supervisor to be held liable under §1983. *McQueen v. Beecher Community Schools*, 433 F.2d 460, 470 (6th Cir.2006). Where there is no unconstitutional conduct by subordinates, supervisors are entitled to judgment as a matter of law. *Id.* As described above, there are no factual allegations that would support a finding that either Chief Whitely or Officer Whiting violated any of the Plaintiffs' constitutional rights. For this reason, the claims against Mayor Brinda fail and should be dismissed with prejudice.

Moreover, the law is clear that supervisory officials cannot be held liable under § 1983 solely based upon their right to control employees. *Bellamy v. Bellamy*, 729 F.2d 416, 421 (6th Cir.1984). Instead, there must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved of or knowingly acquiesced in the unconstitutional conduct of the offending subordinate. *Id. citing Hays v. Jefferson County*, 668 F.2d 869, 872-74 (6th Cir.1982). The factual allegations fail to establish these required elements.

Plaintiffs premise their claim against Mayor Brinda upon R.C. §733.34. This section of the Ohio Revised Code provides that "the mayor shall supervise the conduct of all the officers of the municipal corporation." While this is technically true, the Mayor is several steps removed from the day to day operation of the police department. Section 737.02 of the Ohio Revised Code provides that "Under the direction of the mayor, the director of public safety shall be the executive head of the police and fire departments… He shall have all powers and duties connected with any incident to the appointment, regulation, and government of such departments." Further, Ohio law provides that the chief of police "shall exclusive control of the stationing and transfer of all police patrolman, auxiliary officers and other officers and employees in the police department." Section 727.12 provides the Chief of Police with the "exclusive right" to suspect officers "for incompetence, gross neglect of duty, gross immorality, habitual drunkenness, failure to obey orders given them by proper authority or for any other reasonable and just cause." Plaintiffs also allege that Mayor Brinda ignored voicemails from Plaintiffs. Not responding to correspondence from citizens, however, does not give rise to actionable conduct under §1983.

The Plaintiffs' Second Amended Complaint is devoid of any allegations that would establish that Mayor Brinda acted with the requisite level of culpability to be held liable under Section 1983. The claims against Mayor Brinda should be dismissed with prejudice.

      **e.**   **Defendants Duane Whitely, Robert Whiting and Holly Brinda are entitled to qualified immunity from the Plaintiffs' federal law claims.**

Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982). Qualified immunity is an immunity from suit rather than a mere defense

9

to liability. *Pearson v. Callahan*, 555 U.S. 223, 237 (2009), *citing Mitchell v. Forsythe*, 472 U.S. 511, 526 (1985). Whether an official protected by qualified immunity may be held personally liable for an allegedly unlawful action generally turns on the "objective legal reasonableness of the action." *Anderson v. Creighton*, 483 U.S. 635, 638 (1987).

When a defendant official raises qualified immunity as an affirmative defense, the plaintiff bears the burden of demonstrating that the official is not entitled to that defense. *Moldowan v. City of Warren*, 578 F.3d 351, 375 (6th Cir.2009). Qualified immunity shields federal and state officials from liability unless the plaintiff can prove: (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct. *Pearson*, 555 U.S. at 231. Importantly, qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). This means that officials are not liable for bad guesses in gray areas; rather, they are only liable for transgressing bright lines. *Ferguson v. Leiter*, 220 F.Supp.2d 875, 880 (N.D. Ohio 2002), *citing Maciariello v. Sumner*, 973 F.2d 295, 298 (4th Cir.1992).

Plaintiffs in this case have failed to alleged sufficient facts to establish that these Defendants violated the Plaintiffs constitutional rights or that the constitutional right was clearly established. These Defendants are entitled to qualified immunity and all claims against them should be dismissed with prejudiced.

    **f.**  **Any federal claims asserted against Defendants in their official capacity fail as a matter of law.**

An official capacity suit is, in all respects other than name, to be treated as a suit against the entity. *Cady v. Arenac County*, 574 F. 3d 334, 342 (6th Cir. 2009), *citing Kentucky v. Graham*, 473 U.S. 159, 166 (1985). A plaintiff cannot hold a government entity liable solely because it employs a tortfeasor. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658,

694 (1978).  Instead, a government entity may only be held liable when the execution of a government's policy or custom is moving force behind the violation of the plaintiffs' constitutional rights.  *Id*.

Claims against a governmental entity challenging the entity's policies, procedures and training practices cannot stand if the plaintiff's constitutional rights were not violated.  *Wilson v. Morgan*, 477 F. 3d 326, 340 (6th Cir. 2007).  The Sixth Circuit has held that an underlying deprivation of a constitutional right is a threshold prerequisite to municipal liability under §1983.  *Weeks v. Portage County Executive Offices*, 235 F. 3d 275, 279 (6th Cir. 2000), *Napier v. Madison County, KY*, 238 F. 3d 739, 743 (6th Cir. 2001).  Indeed, the United States Supreme Court has held that if a person suffered no constitutional injury at the hands of the individual, the fact that the departmental regulations might have authorized unconstitutional conduct is "quite beside the point."  *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). As described above, Plaintiffs have failed to allege a violation of their constitutional rights and, as a result, any claims asserted against the Defendants in their official capacities should be dismissed with prejudice.

Even if the Plaintiffs had alleged a violation of their constitutional rights (which they have not), Plaintiffs have failed to allege facts to plausibly state a claim against the Defendants in their official capacity, a plaintiff may only hold a government entity liable under §1983 where its official policy or custom actually serves to deprive an individual of his or her constitutional rights. *Gregory v. City of Louisville*, 444 F.3d 725, 752 (6th Cir.2006).  To prevail on such a claim, the plaintiff must identify the policy, connect the policy to the municipality itself and show that the particular injury was incurred by the execution of that policy.  *Graham ex. rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 383 (6th Cir.2004), *citing Garner v. Memphis Police Dept.*, 8 F.3d 358, 364 (6th Cir.1990).

There are no allegations that any official policy of the City of Elyria was a moving force behind the Plaintiffs' alleged constitutional violations. For this reason, any claim asserted against the Defendants in their official capacity fail as a matter of law and should be dismissed with prejudice.

### 3. Plaintiffs' state law claims fail as a matter of law.

It is unclear whether Plaintiffs are attempting to assert any state law claims against them through this lawsuit. As stated previously, there are no factual allegations that establish any causal connection between Defendants Duane Whitely, Robert Whiting and Holly Brinda and the alleged harm that they claim to have sustained. For this reason alone, any state law claim should be dismissed.

#### a. Plaintiffs' state law claims against the officers should be dismissed pursuant to R.C. §2744.03(A)(6).

Any state law claim asserted against these Defendants should be dismissed pursuant to Section 2744.03(A)(6). This section of the Ohio Revised Code provides immunity from liability to employees of political subdivisions.

Ohio Revised Code Chapter 2744.03(A)(6) is quite clear that an employee of a political subdivision is immune from tort liability unless one of the following applies:

(a) the employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibility;

(b) the employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;

(c) civil liability is expressly imposed upon the employee by a section of the Revised Code.

By its plain language, R.C. § 2744.03(A)(6) operates as a presumption of immunity. *Cook v. Cincinnati*, 103 Ohio App.3d 80, 90 (1st Dist. Ohio Ct. App.1995). As with the subdivision itself,

this presumption may only be overcome by demonstrating that an exception to immunity applies. *M.B. v. Elyria City Bd. of Educ.*, 9th Dist. Lorain No. 05CA008831, 2006-Ohio-4533, ¶ 19 (Ohio Ct. App. Sept. 5, 2006). Here, there are no allegations that Duane Whitely, Robert Whiting and Holly Brinda were acting outside the course and scope of their employment. Defendants are unaware of any statute that expressly imposes liability upon him under the facts of this case.

The exception to immunity contained at R.C. § 2744.03(A)(6)(c), which permits liability for acts or omissions committed with malicious purpose, in bad faith, or in a wanton or reckless manner, similarly does not apply. "Willful misconduct implies an intentional deviation from a clear duty or from a definite rule of conduct, a deliberate purpose not to discharge some duty necessary to safety, or purposefully doing wrongful acts with knowledge or appreciation of the likelihood of resulting injury." *Anderson v. Massillon*, 134 Ohio St.3d 380, 2012-Ohio-5711, ¶ 32 (Ohio). "Wanton misconduct" is the failure to exercise any care toward those to whom a duty of care is owed in circumstances where there is a probability that harm will result." *Id.*, at ¶ 33. "Reckless conduct" is characterized by a conscious disregard or indifference to a known or obvious risk of harm to another that is unreasonable under the circumstances and is substantially greater than negligent conduct. *Id.*, at ¶ 34. As stated previously, there are no specific factual allegations that these Defendants took any action whatsoever toward the Plaintiffs. Consequently, the Plaintiffs have clearly failed to allege that these Defendants acted with the requisite level of intent to divest them of immunity under Chapter 2744. Plaintiffs' state law claims must be dismissed.

> **b.** **Any state law claims asserted against the officers in their official capacities similarly are barred by the immunity provisions of Chapter 2744.**

Plaintiffs' Second Amended Complaint does not identify whether the Defendants have been used in their individual or official capacities. Should the state law claims against them be

13

asserted against them in their official capacities, these claims necessarily fail as a matter of law and should be dismissed.

A claim against an employee of a political subdivision in the employee's official capacity is an action against the entity itself. *State ex. rel. Estate of Miles v. Village of Piketon*, 121 Ohio St. 3d 213 (2009). As a result, claims brought against employees of a political subdivision in their official capacity are analyzed utilizing the immunity standards applicable to the political subdivision. *Lambert v. Clancy*, 125 Ohio St. 3d 231, 235 (2010), *see also R.K. v. Little Miami Golf Center*, 1 N.E. 3d 833, 2013-Ohio-4939 ¶43.

Ohio law requires courts to engage in a three-tiered analysis to determine whether a political subdivision is immune from liability. *Cater v. City of Cleveland*, 83 Ohio St.3d 24, 28 (Ohio App., 1998). This analysis begins with the understanding that political subdivisions are not liable generally for injury or death to persons in connection with the political subdivision's performance of a governmental or proprietary function. *Howard v. Miami Twp. Fire Div.* (2008), 119 Ohio St.3d 1, 3, *citing* R.C. §2744.02 (A)(1). Second, the court considers whether an exception to the general rule of immunity applies. *Id., citing* O.R.C. §2744.02(B). If an exception does apply, the court must determine whether the political subdivision can still establish immunity by demonstrating another statutory defense. *Id., citing* O.R.C. §2744.03.

The City of Elyria is a political subdivision as that term is defined at R.C. §2744.01(F). At all times relevant to this lawsuit, the City of Elyria was engaged in a governmental function. Ohio law includes "the provision or non-provision of police, fire, emergency medical, ambulance and rescue services or protection" and "the enforcement or nonperformance of any law" in the definition of a governmental function. R.C. §2744.01(a), R.C. §2744.01(l). *Estate of Graves v. Circleville*, Ross App. No. 04CA2774, 2005-Ohio-929 (Ohio App. 4 Dist., March 2, 2005)

("enforcement or non-performance of any law" is a governmental function); *GMAC v. Cleveland*, Cuyahoga App. No. 93253, 2010-Ohio-79 (Ohio App. 8 Dist., Jan. 14, 2010) (provision or non-provision of police services or protection is a governmental functions.  Thus, in the event that the claims have been asserted against the Defendants in their official capacities, they are entitled to immunity under the first tier of this analysis.

Once sovereign immunity is established, political subdivisions may only be held liable if the plaintiff can show that one of the five exceptions to immunity apply.  Under R.C. §2744.02(B), exceptions only exist for injuries or deaths arising out of:

> 1) negligent operation of a motor vehicle;
> 2) negligent performance of a proprietary function;
> 3) negligent failure to keep public roads in repair or negligent failure to remove obstructions from public roads;
> 4) physical defects in buildings used for governmental functions and their grounds caused by employee negligence; and
> 5) an express imposition of liability by the Ohio Revised Code. R.C. §2744.02(B)(1-5).

None of these exceptions to immunity apply to Plaintiffs' claims and, as a result, the official capacity claims fail as a matter of law.

This case clearly does not involve the operation of a motor vehicle, failure to keep roads in repair, or physical defects in a building used for a governmental function.  Furthermore, as described above, the provision of police services, the power to preserve the peace and the enforcement of any law are governmental functions and thereby excluded by definition from the term "proprietary" function.  *Frazier v. City of Kent*, Portage App. No. 2004-P-0077, 2005-Ohio-5413 (holding that "proprietary functions" and "governmental functions" are mutually exclusive concepts.)  Finally, Defendants not aware of any statute expressly imposing liability in this situation.  None of the exceptions to immunity apply and Defendants are entitled to dismissal of all state law claims asserted against them in their official capacities with prejudice.

15

## IV. CONCLUSION

For these reasons, Defendants Duane Whitely, Robert Whiting and Holly Brinda's Motion to Dismiss should be granted, and all claims against them should be dismisses with prejudice.

Respectfully submitted,

MAZANEC, RASKIN & RYDER CO., L.P.A.

*s/ David M. Smith*
DAVID M. SMITH (0079400)
CARA M. WRIGHT (0084583)
100 Franklin's Row
34305 Solon Road
Cleveland, OH 44139
(440) 248-7906
(440) 248-8861 – Fax
dsmith@mrrlaw.com
cwright@mrrlaw.com

*Counsel for Defendants Duane Whitely, Robert Whiting and Holly Brinda*

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2020, the foregoing Defendants' Chief Duane Whitely, Robert Whiting and Holly Brinda's Motion to Dismiss Plaintiffs' Second Amended Complaint was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Notice has also been sent by depositing same in first-class United States mail, postage prepaid, to the following:

| | |
|---|---|
| Maiya McCoy<br>1816 Clover Ave.<br>Cleveland, OH 44109<br>Pro Se Plaintiff | Laura Thompson<br>770 Oliver St.<br>Sheffield Lake, OH 44054<br>Pro Se Plaintiff |
| Jennifer Ginley<br>750 Oliver Street<br>Sheffield Lake, OH 44054<br>Pro Se Plaintiff | Martin Robinson, A756785<br>Madison Correctional Institution<br>P.O. Box 740<br>London, Ohio 43140<br>Pro Se Plaintiff |

      *s/ David M. Smith*
      DAVID M. SMITH (0079400)
      CARA M. WRIGHT (0084583)

      *Counsel for Defendants Duane Whitely, Robert Whiting and Holly Brinda*