UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MAIYA MCCOY, et al., | ) | CASE NO.: 1:20-CV-2489 |
| | ) | |
| Plaintiffs, | ) | JUDGE: DAN AARON POLSTER |
| | ) | |
| vs. | ) | **OFFICER HEATH TESTER, DEBORAH** |
| | ) | **HURLBURT, PAUL ADAMS, LORAIN** |
| SHEFFIELD LAKE POLICE | ) | **COUNTY SHERIFF'S DEPARTMENT'S** |
| DEPARTMENT, et al., | ) | **REPLY IN SUPPORT OF MOTION TO** |
| | ) | **DISMISS** |
| Defendants. | ) | |

  Now come Defendants, Officer Heath Tester, Deborah Hurlburt, Paul Adams, Lorain County Sheriff's Department, by and through counsel, and hereby respectfully submit this reply in support of their Motion to Dismiss.  As more fully set forth in Defendants' Brief in Support, attached hereto, judgment in favor of these Lorain County Defendants' should be granted.

            Respectfully submitted,

            MAZANEC, RASKIN & RYDER CO., L.P.A.

            *s/Terence L. Williams*
            JOHN T. MCLANDRICH  (0021494)
            TERENCE L. WILLIAMS  (0081363)
            100 Franklin's Row
            34305 Solon Road
            Cleveland, OH  44139
            (440) 248-7906
            (440) 248-8861 – Fax
            Email: jmclandrich@mrrlaw.com
                twilliams@mrrlaw.com

            Counsel for Defendants Officer Heath Tester,
            Deborah Hurlburt, Paul Adams, Lorain County
            Sheriff's Department

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2020, a copy of the foregoing Officer Heath Tester, Deborah Hurlburt, Paul Adams, Lorain County Sheriff's Department's Reply in Support of Motion to Dismiss was filed electronically.  Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.  A copy has also been sent by first-class United States mail or email to the following:

| | |
|---|---|
| Maiya McCoy<br>1816 Clover Ave.<br>Cleveland, OH  44109<br><br>Pro Se Plaintiff | David M. Smith, Esq.<br>Mazanec, Raskin & Ryder Co., L.P.A.<br>100 Franklin's Row<br>34305 Solon Road; Solon, OH  44139<br>Email: dsmith@mrrlaw.com<br>*Attorney for Defendants Chief Duane Whitely, Elyria Police Department, Holly Brinda, Robert Whiting* |
| Jennifer Ginley<br>750 Oliver Street<br>Sheffield Lake, OH 44054<br><br>Pro Se Plaintiff | R. Todd Hunt, Esq.<br>Wesley M. Kretch, Esq.<br>Walter Haverfield, LLP<br>1301 East Ninth Street, Suite 3500<br>Cleveland, OH  44114-1821<br>Email: rthunt@walterhav.com<br>           wkretch@walterhav.com<br>*Counsel for Defendants Tony Campo & Sheffield Lake Police Department* |
| Laura Thompson<br>770 Oliver St.<br>Sheffield Lake, OH  44054<br><br>Pro Se Plaintiff | R. Eric Smearman, Esq.<br>Kallen L. Boyer, Esq.<br>Smith Marshall, LLP<br>7251 Engle Road, Suite 404<br>Middleburg Heights, OH 44130<br>Email: res@smithmarshall.com<br>           klb@smithmarshall.com<br>*Counsel for Defendant John Hunter* |

s/Terence L. Williams
JOHN T. MCLANDRICH  (0021494)
TERENCE L. WILLIAMS  (0081363)
*Counsel for Defendants Officer Heath Tester, Deborah Hurlburt, Paul Adams, Lorain County Sheriff's Department*

**MEMORANDUM IN SUPPORT**

**I.    INTRODUCTION**

Plaintiffs' response to the Lorain Defendants' Motion to Dismiss suffers from the same deficiencies as their Amended Complaint. Plaintiffs continue to lump all Defendants together and rely on conclusory and formulaic recitations of claims without factual allegations sufficient to avoid dismissal. Moreover, Plaintiffs' response fails to address the issues with their Amended Complaint and utterly fails to establish that their Amended Complaint should be permitted to proceed. Critically, Plaintiffs' opposition fails to address a number of Defendants' arguments and as such opposition on those issues is waived. See *Allstate Ins. Co. v. Global Medical Billing, Inc.*, 520 Fed.Appx. 409 (6th Cir.2013); see also *Humphrey v. U.S. Attorney Gen.'s Office*, 279 Fed.Appx. 328, 331 (6th Cir.2008).

Plaintiffs' Amended Complaint is insufficient to avoid dismissal and the Lorain Defendants respectfully request that this Court grant their Motion to Dismiss with prejudice.

**II.   LAW AND ARGUMENT**

    **A.    Plaintiffs' Amended Complaint Fails to Comply with Rule 10 of Federal Rules of Civil Procedure.**

Plaintiffs claim that their Amended Complaint is sufficient as against these Defendants because the Defendants were aware that more Defendants and Plaintiffs would be added in this case as expressed before the Lorain County Court of Common Pleas. Plaintiffs state that the "et al." is meant to show that other defendants need to be added. However, the inclusion of "et. al." in a caption should ***not*** be considered when suing additional defendants. *Linton v. Louisville KY Metro. Dept. of Correction Jail*, W.D. Ky. No. 3:18-cv-P846-DJH, 2019 WL 2028550 (May 8, 2019). (Emphasis added.) Rule 10(a) of Federal Rules of Civil Procedure requires the title of the complaint to name all the parties. As such, Plaintiffs' Amended Complaint fails to name the Lorain

County Sheriff's Department, Heath Tester, Paul Adams or Deborah Hurlburt and the claims against them should be dismissed.[1]

### B. Standard of Review.

Plaintiffs misstate the standard of review with respect to this Court's evaluation of a motion to dismiss. Plaintiffs cite to *Campbell v. Wells Fargo Bank*, 781 F.2d 440 (5th Cir.1986) for the proposition that a motion to dismiss should not be granted unless the court can find, "beyond a doubt, that the plaintiff can prove no set of facts in support of his claim that would entitle him or her to relief." (ECF 8, Plaintiffs' Response at p. 3.)

This Honorable Court in *Martin v. Mour*, 2014 WL 575729, (ND Ohio 2014) cited the Sixth Circuit's opinion in *Association of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545, 548 (6th Cir.2007) where the Sixth Circuit noted that the U.S. Supreme Court in B*ell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007) specifically rejected the standard stated by Plaintiff quoting in pertinent part as follows:

> In so holding, the court disavows the off quoted Rule 12(b)(6) standard of *Connley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (recognizing "the accepted rule that a complaint shall not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief."), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, supra 550 U.S. at 563

*Association of Cleveland Fire Fighters* at 548.

As this Court's noted in *Martin* "although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions. *Id*. Specifically, the complaint must

---

[1] Plaintiffs' Amended Complaint identifies and names Lorain County Sheriff Deputy Fuller and Deputy Hudson (no first names included) in the caption but Plaintiffs never sought to serve any Sheriff Deputy Fuller or Hudson, as a result, neither of these "identified" Defendants are parties to this litigation.

contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." (Citation omitted.) *Martin*, supra at *1.

As such, Plaintiffs' reliance on a "burden of proof" of "beyond doubt" is erroneous and inapplicable to the Court's evaluation of the Lorain County Defendants' Motion to Dismiss. Rather, Plaintiffs' Amended Complaint, pursuant to *Twombly*, supra, must set forth factual allegations setting forth more than labels and conclusions and formulaic recitations of the elements of a cause of action. Plaintiffs' factual allegations must be enough to raise the right of relief beyond a speculative level assuming the allegations in the Complaint are true. *Twombly*, supra at 563.

    **C.**    **Plaintiffs Cannot Assert Claims Based on Alleged Violations of Non-Party Martin Robinson's Rights.**

Plaintiffs seek to utilize the claims of non-party Martin Robinson to avoid dismissal. However, most of the claims and allegations in the Amended Complaint focus on Mr. Robinson. Plaintiffs' filed a Second Amended Complaint without leave of Court, but that Second Amendment suffers from the same problems as the Amended Complaint.[2] (See Join Motion to Strike Plaintiffs' Second Amended Complaint will be submitted separately to the Court).

Plaintiffs' First Amended Complaint, the only pleading before the Court, fails because it seeks to assert claims belonging to non-party Martin Robinson. Section 1983 authorizes suit to enforce individual rights under federal statutes and the Constitution. *D.O. v. Glisson*, 847 F.3d 374 (6th Cir.2017). Thus, a section 1983 cause of action is entirely personal to the direct victim of the alleged constitutional violation so that only the purported victim may prosecute a §1983 claim. *Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir.2000).

---

[2]Plaintiffs' Second Amended Complaint should be stricken as it was submitted without leave of Court, fails to set forth sufficient claims to withstand a motion to dismiss and purports to include claims of Martin Robinson, which would be untimely as outside the statute of limitations. See the Joint Motion to Strike the Second Amended Complaint filed with the Court. As the Second Amended Complaint was filed without leave of Court, it should not be considered for purposes of the Motion to Dismiss and the Second Amended Complaint should be stricken.

Plaintiffs' Amended Complaint is inundated with conclusory statements concerning the alleged violation of non-party Martin Robinson's constitutional rights. However, Plaintiffs are unable to pursue any claims premised on the alleged violation of Mr. Robinson's constitutional rights. Therefore, any claims of Plaintiffs based on those allegations fail as a matter of law and must be dismissed.

**D.     Defendant Lorain County Sheriff's Department is Not *Sui Juris*.**

Plaintiffs argue that Lorain County Sheriff's Department is part of Lorain County and as such can be sued as a political subdivision. However, Plaintiffs' Amended Complaint only includes claims against Lorain County Sheriff's Department (couched as claims against Lorain County Swat), which is simply not *sui juris*.[3] Courts consistently hold that a Sheriff's Office lacks the capacity to sue or be sued as a *sui juris* entity. *See Richardson v. Grady*, Eighth Dist. Cuyahoga No. 77381, 2000 WL 1847588, *2 (Dec. 18, 2000) (regarding the City of Cleveland Police Department). Administrative units of a local government, such as a municipal police department and county sheriff's offices, are not sui juris because they lack the power to sue, and cannot be sued absent positive statutory authority. *Elkins v. Summit County*, N.D.Ohio No. 5:06-CV-3004, 2008 WL 622038, *6 (March 5, 2008) (citing *Papp v. Snyder*, 81 F. Supp.2d 852, 857 (N.D.Ohio, 2000), fn. 4).[4]

---

[3] At no time was Lorain County or its commissioners named as Defendants in this action or served. As a result, any claims against Lorain County or its administrative agencies fails because it is not a party to this litigation.

[4] State and federal courts have consistently held that law enforcement departments are not sui juris. *See, e.g., Harris v. Sutton*, 183 Ohio App.3d 616, 2009-Ohio-4033, 918 N.E.2d 181, ¶ 1 (8th Dist.), fn. 1 (East Cleveland Police Department is not sui juris); *Richardson*, 2000 WL 1847588 at *2 (citing numerous cases holding various law enforcement departments are not sui juris, including the Cleveland Police Department; Lebanon Police Department; Butler County Sheriff's Department; Fairfield Police Department; Oxford Police Department; Windham Township Police Department; and the Akron Police Department); *Petty v. County of Franklin*, 478 F.3d 341, 347 (6th Cir.2007), *abrogated on other grounds by Bailey v. City of Ann Arbor*, 860 F.3d 382, 389 (6th Cir.2017) (Franklin County Sheriff's Office is not sui juris); *Mattox v. Ashtabula Township*, N.D.Ohio No. 1:04CV2258, 2005 WL 1126743, *1 (April 20, 2005) (Ashtabula County Sheriff's Department is not sui juris); *Yoel v. Gandolf*, N.D.Ohio No. 1:06 CV 3087, 2007 WL 777983, *5 (March 12, 2007) (Lake County Sheriff's Office is not sui juris).

To the extent that Plaintiffs have sued the Lorain County Sheriff's Department (or Lorain County Swat as stated in the Amended Complaint), the case law clearly demonstrates that the Sheriff's Office is not an entity that is capable of suing or being sued. Plaintiffs' Amended Complaint therefore cannot survive this motion to dismiss.

E. **Plaintiffs Fail to Allege any Actionable Conduct as to These Defendants.**

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Adkins*, 487 U.S. 42, 48 (1988). If a plaintiff fails to make a showing on any essential element of a §1983 claim it must fail. *Id.* Because vicarious liability is inapplicable to § 1983 suits, a plaintiff must plead that each defendant, through the defendant's own individual actions, violated the Constitution. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Plaintiffs' make vague and conclusory allegations that the Lorain Defendants violated their rights or failed to act appropriately, which are insufficient to survive a motion to dismiss. Any of the allegations against these Defendants fail to allege any actual conduct related to Plaintiffs at all, let alone actions that violated Plaintiffs' constitutional rights. Based on this reason alone, Plaintiffs' federal claims fail as a matter of law.

F. **Defendants Hurlburt, Tester and Adams are Entitled to Qualified Immunity.**

Plaintiffs' response claims that their Amended Complaint is sufficient to avoid application of qualified immunity. However, Plaintiffs' opposition suffers from the same fatal flaw as the Amended Complaint itself in that it relies of recitations of legal standards without factual support. Here, Plaintiffs fail to allege sufficient facts to meet the pleading standard to avoid dismissal and further fail to set forth the factual support to avoid the application of qualified immunity.

Qualified immunity is an immunity from suit rather than a mere defense to liability. *Pearson v. Callahan*, 129 S.Ct. 808, 818 (2009) (citing *Mitchell v. Forsythe*, 472 U.S. 511 (1985)). Whether an official protected by qualified immunity may be held personally liable for an allegedly unlawful action generally turns on the "objective legal reasonableness of the action." *Anderson v. Creighton*, 483 U.S. 635, 638 (1987).

Qualified immunity shields federal and state officials from liability unless the plaintiff can prove: (1) that the official violated a statutory or constitutional right; and (2) that the right was 'clearly established' at the time of the challenged conduct. *Pearson*, 129 S.Ct. at 815-16. "The right claimed must be more than merely a generalized right; it must be clearly established in a particularized sense so that a reasonable official in the defendant's position knows that his actions violate the right." *Armengau v. Cline*, 7 F. App'x 336, 345 (6th Cir.2001).

Plaintiffs' response, along with the Amended Complaint, fails to allege sufficient factual support or anything more than a violation of generalized rights, which is insufficient to avoid the application of qualified immunity. Without factual allegations to substantiate the legal conclusions and recitation of legal requirements, those claims fail to meet the pleading requirements to avoid the application of qualified immunity at this early stage. Plaintiffs' alleged federal claims have no merit.

Plaintiffs fail to allege sufficient facts to establish that Defendants violated the Plaintiffs' constitutional rights or that the constitutional right was clearly established. As a result, the Lorain Defendants are entitled to qualified immunity and all claims against them fail as a matter of law. While Plaintiffs' federal claims are generally amorphous making it nearly impossible to decipher the specific claims being raised by Plaintiffs, the actions of the Lorain Defendants were consistent with the law. The actions of the individual Lorain Defendants were well within the scope of their

statutory obligations given their statutory duties to arrest and detain individuals violating the law. *Argabrite,* 2016-Ohio-8374 at ¶ 31. The actions of the Sheriff's Office, as Plaintiffs allege them in the Complaint, are consistent with the law enforcement duties explicitly included in the definition of the term are (1) the provision or nonprovision of *police*, fire, emergency medical, ambulance, and rescue services or protection; and (2) the *enforcement* or nonperformance of *any law*. R.C. § 2744.01(C)(2)(a), (b), (i) (emphasis added). As a result, the Lorain Defendants acted consistent with the law and they are entitled to qualified immunity as a matter of law.

      **G.    Ohio Revised Code Chapter 2744 Immunizes Defendants to Plaintiffs' State Law Claims.**

Plaintiffs' response does not specifically address the applicability of statutory immunity from liability provided to political subdivisions or its employees. Plaintiff generally identifies sections of the Ohio Revised Code that establishes a county through the county commissioners may sue or be sued but that general statute does not provide a waiver of the immunity set forth in R.C. § 2744.01 et seq. With this in mind, the Lorain County Sheriff's Office, and its employees in their official capacity, are entitled to statutory immunity under R.C. § 2744.01 et seq.

The application of statutory immunity to a political subdivision is governed by Chapter 2744 of the Ohio Revised Code, the Political Subdivision Tort Liability Act (hereinafter "the Act"). *Theobald v. Board of County Com'rs of Hamilton County, Ohio*, 332 F.3d 414, 416 (6th Cir.2003). Early determination of the issue of immunity is critical because of the fundamental policies for such immunity. The Ohio Supreme Court has recognized that "determination of whether a political subdivision is immune from liability is usually pivotal to the ultimate outcome of the lawsuit." *Hubbell v. City of Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878, ¶ 25.

Ohio law requires a three-tiered analysis to determine whether it immunizes a political subdivision from civil liability. *Cater v. City of Cleveland*, 83 Ohio St.3d 24, 28, 697 N.E.2d 610 (1998). The Ohio Supreme Court has observed the general rule is that political subdivisions are not liable in damages for injury or death to persons in connection with the political subdivision's performance of a governmental or proprietary function. *Howard v. Miami Twp. Fire Div.*, 119 Ohio St.3d 1, 2008-Ohio-2792, 891 N.E.2d 311, ¶ 18. Second, the court considers whether an exception to the general rule of immunity applies. *Id.* (citing R.C. § 2744.02(B)). If an exception does apply, the court must determine whether the political subdivision can still establish immunity by demonstrating another statutory defense. *Id.* (citing R.C. § 2744.03).

The Sheriff's Office, to the extent that Plaintiffs' Amended Complaint alleges it is part of Lorain County, is a political subdivision within the meaning of the Act. R.C. § 2744.01(F) defines the term "Political Subdivision," as inter alia, "a county... or other body corporate and politic responsible for governmental activities in a geographic area smaller than that of the state." Accordingly, there can be no question that the Act entitles Lorain County (whom Plaintiffs did not sue) and the Lorain County Sheriff's Office (assuming arguendo Plaintiffs' claims against the Lorain County Sheriff's Office are permitted ) to immunity as a political subdivision.

Additionally, the events Plaintiffs allege in the Complaint are governmental functions. Ohio law includes "the provision or non-provision of police, fire, emergency medical, ambulance and rescue services or protection" and "the enforcement or nonperformance of any law" in the definition of a governmental function. R.C. § 2744.01(C)(2)(a), (i). Clearly, the actions of the Sheriff's Office (assuming arguendo that Plaintiffs' claims proceed against them as if they were Lorain County), are consistent with the law enforcement duties as described above. As a result,

Lorain County Sheriff's Office, to the extent Plaintiffs' claims could proceed, was engaged in a governmental function. The first tier of the sovereign immunity analysis is thus satisfied.

Once presumptive sovereign immunity is established, Plaintiffs may overcome that immunity only if they can show that one of the five exceptions to immunity apply. Under R.C. § 2744.02(B), exceptions only exist for injuries or deaths arising out of:

1) negligent operation of a motor vehicle;
2) negligent performance of a proprietary function;
3) negligent failure to keep public roads in repair or negligent failure to remove obstructions from public roads;
4) physical defects in buildings used for governmental functions and their grounds caused by employee negligence; and
5) another section of the Revised Code expressly imposing civil liability.

R.C. § 2744.02(B)(1)-(5).

None of these exception to immunity apply to Plaintiffs' claims and, as a result, Plaintiffs' claims fail as a matter of law.

Plaintiffs do not allege this case involves the operation of a motor vehicle, failure to keep roads in repair, or physical defects in a building used for a governmental function. Furthermore, the provision of police services, as discussed above, is a governmental function and thereby excluded by definition from the term "proprietary" function. *See Frazier v. City of Kent*, 11th Dist. Portage, Nos. 2004-P-0077, 2004-P-0096, 2005-Ohio-5413, ¶ 28 (holding that "proprietary functions" and "governmental functions" are mutually exclusive concepts). Finally, Plaintiffs allege no violation of a section of the Revised Code expressly imposing liability here, nor does any such statute exist.

None of the exceptions to immunity apply and the Lorain Defendants are entitled to dismissal of all state law claims asserted against it or the employees in their official capacities with prejudice.

### H. Plaintiffs' State Law claims against the officers should be dismissed pursuant to R.C. §2744.03(A)(6.

Plaintiffs' opposition fails to address the applicability of immunity to the individual Lorain Defendants. Given their statutory duties to arrest and detain individuals violating the law, the burden necessary to deny immunity to those officers is onerous. *Argabrite v. Neer*, 149 Ohio St. 3d 349, 2016-Ohio-8374, ¶ 31. This is a burden that neither Plaintiffs' opposition nor Amended Complaint can meet. No immunity exception applies, and Plaintiffs have not alleged plausible facts to support any exceptions.

Employees of a political subdivision are generally not liable for injury, death or loss to persons or property incurred in connection with the performance of a governmental function of that political subdivision. R.C. § 2744.02(A)(1); *Cutts v. City of Canton*, Fifth Dist. Stark No. 1997CA00405, 1998 WL 429910, at *5 (July 6, 1998). The three exceptions to this "blanket immunity" provision are:

a) The employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities;

b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;

c) Another section of the Revised Code expressly imposes civil liability.

R.C. § 2744.03(A)(6); *Cutts*, 1998 WL 429910, at *5.

Assuming arguendo that Plaintiffs' claims against the Lorain County Sheriff's Office are viewed as claims against Lorain County (which Defendants state in not appropriate as addressed above), it is a political subdivision performing a governmental function, as addressed above, the actions of the individual Lorain Defendants were will within the scope of their statutory obligations given their statutory duties to arrest and detain individuals violating the law. *Argabrite,* 2016-Ohio-8374 at ¶ 31. No section of the Revised Code expressly imposes liability for the actions

Plaintiffs allege in the Amended Complaint.  Plaintiffs can overcome this immunity only if the Lorain Defendants acted maliciously, in bad faith, or in a wanton or reckless manner.  *Id.*

The exception to immunity contained at R.C. § 2744.03(A)(6)(c), which permits liability for acts or omissions committed with malicious purpose, in bad faith, or in a wanton or reckless manner, similarly does not apply. "Willful misconduct implies an intentional deviation from a clear duty or from a definite rule of conduct, a deliberate purpose not to discharge some duty necessary to safety, or purposefully doing wrongful acts with knowledge or appreciation of the likelihood of resulting injury*."  Anderson v. Massillon*, 134 Ohio St.3d 380, 2012-Ohio-5711, ¶ 32 (Ohio).  "Wanton misconduct" is the failure to exercise any care toward those to whom a duty of care is owed in circumstances where there is a probability that harm will result." *Id.*, at ¶ 33.  "Reckless conduct" is characterized by a conscious disregard or indifference to a known or obvious risk of harm to another that is unreasonable under the circumstances and is substantially greater than negligent conduct. *Id.*, at ¶ 34.

As stated previously, there are no specific factual allegations that these Defendants took any action whatsoever toward the Plaintiffs.  Further, Plaintiffs have not alleged facts that would support claims of malice, bad faith, wantonness, or recklessness.  The Amended Complaint requires more than an unadorned, "the-defendant-unlawfully-harmed-me" accusation, especially given Plaintiffs' onerous burden here.  *DiGiorgio v. Cleveland*, 8th Dist. Cuyahoga No. 95945 2011-Ohio-5878, ¶ 49 (internal citations omitted).  Plaintiffs do not allege Defendants arrested them, used excessive force against them, or committed any other conduct that could arguably be actionable, let alone malicious, in bad faith, wanton, or reckless.

Plaintiffs' claims against the individual Lorain Defendants should therefore be dismissed with prejudice.

### III. CONCLUSION

For these reasons, Defendants' Motion to Dismiss should be granted, all claims against them should be dismissed with prejudice.

> Respectfully submitted,
>
> MAZANEC, RASKIN & RYDER CO., L.P.A.
>
> *s/Terence L. Williams*
> JOHN T. MCLANDRICH (0021494)
> TERENCE L. WILLIAMS (0081363)
> 100 Franklin's Row
> 34305 Solon Road
> Cleveland, OH 44139
> (440) 248-7906
> (440) 248-8861 – Fax
> Email: jmclandrich@mrrlaw.com
> twilliams@mrrlaw.com
>
> Counsel for Defendants Officer Heath Tester, Deborah Hurlburt, Paul Adams, Lorain County Sheriff's Department

CORSA-200135/Lorain Cnty RIS of MTD