UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MAIYA MCCOY, et al., | ) | CASE NO.: 1:20-CV-2489 |
| Plaintiffs, | ) ) ) | JUDGE: DAN AARON POLSTER |
| vs. | ) ) | **MOTION TO DISMISS** |
| SHEFFIELD LAKE POLICE DEPARTMENT, et al., | ) ) ) ) | |
| Defendants | ) | |

Now come Defendants, Officer Heath Tester, Deborah Hurlburt, Paul Adams, Lorain County Sheriff's Department ("Lorain Defendants"), by and through counsel, and hereby respectfully request this Honorable Court dismiss all claims asserted against them in Plaintiffs' Second Amended Complaint[1] with prejudice pursuant to Rule 12(B)(6) of the Federal Rules of Civil Procedure. Plaintiffs' Second Amended Complaint fails to state any claims upon which relief can be granted. A memorandum in support of this Motion follows.

Respectfully submitted,

MAZANEC, RASKIN & RYDER CO., L.P.A.

*s/Terence L. Williams*
JOHN T. MCLANDRICH (0021494)
TERENCE L. WILLIAMS (0081363)
100 Franklin's Row - 34305 Solon Road
Cleveland, OH 44139
(440) 248-7906 | (440) 248-8861 – Fax
Email:  jmclandrich@mrrlaw.com
         twilliams@mrrlaw.com
Counsel for Defendants Officer Heath Tester, Deborah Hurlburt, Paul Adams, Lorain County Sheriff's Department

---

[1] The Lorain Defendants assert that the Plaintiffs' Second Amended Complaint is not properly before this Honorable Court as Fed. R. Civ. Pro. 15 only permits amendment to a party's pleading once as a matter of course and requires leave of court for any subsequent amendments, a Joint Motion to Strike Plaintiffs' Second Amened Complaint is being filed separately by all Defendants.

## **MEMORANDUM IN SUPPORT**

**I.     STATEMENT OF THE CASE**

Plaintiffs' originally filed this action in Lorain County Court of Common Pleas on April 27, 2020 in the case *McCoy, et. al. v. Sheffield Lake Police Dept,* Case No. 20CV201054.  The Ohio trial court dismissed that case *sua sponte*.    Plaintiffs refiled their Complaint on May 11, 2020, in case No. 20CV201124.  Following motions to dismiss by multiple Defendants, Plaintiffs sought leave to amend their Complaint.  The Amended Complaint included claims asserted under federal law for the first time and Defendants removed the case to federal court.  That Amended Complaint, like the original complaint filed in April, 2020 and the complaint filed in May, 2020 failed to state a claim upon which relief can be granted.  Again, multiple Motions to Dismiss were filed, including the Lorain Defendants' Motion to Dismiss, asserting that Plaintiffs' Amended Complaint failed to state a claim upon which relief can be granted.  (Doc. 3,4, 5 and 6).

Plaintiffs filed a Second Amended Complaint on November 19, 2020.  (Doc. 9).  Like the original Amended Complaint, Plaintiffs' Second Amended Complaint fails to state any claims upon which relief can be granted (as laid out in further detail below) and, as a result, any and all claims against the Lorain Defendants should be dismissed with prejudice.

**II.     STATEMENT OF ALLEGATIONS**

Plaintiffs' claims arise from the execution of an search and arrest warrant against non-party Martin Robinson on May 31, 2018.  *Doc. 9*, *Second Amended Complaint*, ¶4.  Mr. Robinson has since been convicted of multiple charges and sentenced to 55 years in prison as a result of the

incident giving rise to Plaintiff's Amended Complaint.² *See Doc. 9*, ¶33-37. Mr. Robinson is not a party to this matter.³

While Plaintiffs' claims are rather amorphous, they appear to allege that they were bystanders that witnessed the execution of the search warrant and eventual arrest of non-party Martin Robinson. *See Doc*. 9, ¶4-12. The Amended Complaint is unclear exactly what federal claims Plaintiffs make but Plaintiffs generally allege police misconduct without specifying which Defendants' conduct amounted to constitutional violations. Generally, Plaintiffs allege illegal search, due process violation, failure to intervene and harassment but offer no factual allegations in support of those claimed violations.

Purported Plaintiff Martin Robinson appears to allege that the officers executing a search and arrest warrant lacked probable cause to conduct that search and arrest. *Id*. at ¶4. To that end, he alleges that a confidential information provided false information which the officers who signed the search warrant affidavit had doubts about the truth of the allegations contained therein. *Id.* at ¶33-42. Further, Plaintiff Robinson complains about the conduct of the criminal trial judge and prosecutors during his criminal trial. *Id.* at ¶18-23.

Additionally, Plaintiff Maiya McCoy alleges that certain rights were violated when someone searched her cell phone. *Id*. at 12. Plaintiff Laura Thompson claims the "Lorain County SWAT team" falsely imprisoned her. *Id*. at ¶9. Plaintiff Jennifer Ginley claims that she faced "retaliation and harassment for being a witness and recording officers." *Id*. at ¶10.

---

² Plaintiffs' initially filed their original Complaint in Lorain County Court of Common Pleas Case No. 20CV201054 which was dismissed without prejudice on May 4, 2020. Subsequently, Plaintiffs filed their Complaint in Lorain County Court of Common Pleas Case No. 20CV201124 and then filed their Amended Complaint on October 21, 2020.
³ Plaintiffs seek to add Mr. Robinson as a party to this action in the Second Amended Complaint, however, as set forth below any attempt to add Mr. Robinson is futile and he should still be seen as a non-party.

Even with these additions and changes, the Second Amended Complaint utterly fails to allege any substantive allegations related to the conduct of Officer Heath Tester, Deborah Hurlburt, Paul Adams, Lorain County Sheriff's Department. In fact, neither Heath Tester nor Paul Adams are mentioned in the body of the Second Amended Complaint at all. The Second Amended Complaint accuse Deborah Hurlburt of "fraud and deceit".[4] Doc. 9, at ¶7. However, Plaintiffs offer no factual allegations to substantiate any such claim.

It is crucial to note that Plaintiffs cannot prevail on any of their claims on the merits even if this matter were to proceed past this Motion to Dismiss. Further, the factual allegations are insufficient to state any claims against Officer Heath Tester, Deborah Hurlburt, Paul Adams, Lorain County Sheriff's Department ("Lorain Defendants") and fail as a matter of law.

### III. LAW AND ARGUMENT

**A. Plaintiffs make no allegations related to Heath Tester and Paul Adams and the claims against them must be dismissed.**

The Second Amended Complaint fails to set forth any factual allegations related to Heath Tester and Paul Adams. Courts within the Sixth Circuit have held that "when a plaintiff fails to allege any action by a defendant, it necessarily appears beyond doubt that the plaintiff can prove no set of facts which would entitle her to relief." *Smith v. Breen*, W.D. Tenn. No. 09-2770-STA, 2010 WL 2557447 (June 21, 2010). When a person is named as a defendant without an allegation of specific conduct, even under the liberal construction afforded to *pro se* complaint, the complaint against that defendant is subject to dismissal. *Barfield v. Fender*, N.D. Ohio No. 4:19-cv-2306,

---

[4] Federal Rule of Civil Procedure 9(b) imposes a "more demanding" pleading standard than the "liberal notice pleading standard which governs most cases" on allegations of fraud or mistake. United States ex Rel SNAPP, Inc. v. Ford Motor Co., 532 F.3d 496, 503 (6th Cir. 2008). It requires the plaintiff to "state with particularity the circumstances constituting fraud or mistake" although it allows "conditions of a person's mind" to be allege generally. Fed. R. Civ. P. 9(b). Here, Plaintiffs' allegations complete fail to allege with any particularity the fraud upon which they base their purported claim.

2020 WL 709274 (Feb. 12, 2020). As Plaintiffs failed to allege any facts against Defendants Tester and Adams, the claims, if any, asserted against them should be dismissed with prejudice.

    **B.    Plaintiffs' Amended Complaint Fails to State any Claims Upon which Relief Can be Granted.**

        **1.    Standard of Review.**

Civ.R. 12(B)(6) provides that every defense in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that a motion to dismiss for failure to state a claim upon which relief can be granted may be made at the option of the pleader.

In ruling on a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint in favor of the plaintiff, accept the plaintiff's factual allegations as true, and determine whether plaintiff's factual allegations present plausible claims. *Bowman v. U.S.,* 564 F.3d 765, 769 (6th Cir.2008). However, "a legal conclusion couched as a factual allegation" need not be accepted as true. *Almendares v. Palmer*, 284 F.Supp.2d 799, 802 (N.D. Ohio 2003), quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986); see also *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).

A plaintiff's obligation to provide the grounds for their claimed entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements will not do." *Twombly* at 555. "Conclusory allegations of collective, unspecified, and undifferentiated wrongdoing is not sufficient: 'vaguely lump[ing] all defendants together without providing any factual allegations that specify separate acts' fails to satisfy the *Iqbal/Twombly* standard." *Kurek v. Ohio Department of Development Disabilities*, Case No. 3:16CV623, 2017 WL 1555930 (N.D. Ohio Western Division) quoting *Lewis v. County of San Diego*, 2014 WL 3527719, *6 (S.D. Cal.); see also *Rivera-Nazario v. Corporacion del Fodo del Seguro del Estado*, 2015 WL 5254417, *15

(D.P.R.) ("[p]laintiffs were not allowed to lump Defendants together without pleading individualized facts").

The U.S. Supreme Court has stated that, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Twombly*, at 570; *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). This plausibility requirement is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Id.* Plaintiffs' Amended Complaint fails to meet this standard.

## 2. Defendant Lorain County Sheriff's Department is Non *Sui Juris*.

Plaintiffs' Second Amended Complaint must be dismissed because the Sheriff's Office lacks the legal capacity to sue or be sued as a sui juris entity. *See Richardson v. Grady*, Eighth Dist. Cuyahoga No. 77381, 2000 WL 1847588, *2 (Dec. 18, 2000) (regarding the City of Cleveland Police Department). Administrative units of a local government, such as a municipal police department and county sheriff's offices, are not sui juris because they lack the power to sue, and cannot be sued absent positive statutory authority. *Elkins v. Summit County*, N.D.Ohio No. 5:06-CV-3004, 2008 WL 622038, *6 (March 5, 2008) (citing *Papp v. Snyder*, 81 F. Supp.2d 852, 857 (N.D.Ohio, 2000), fn. 4).[5]

---

[5] State and federal courts have consistently held that law enforcement departments are not sui juris. *See, e.g., Harris v. Sutton*, 183 Ohio App.3d 616, 2009-Ohio-4033, 918 N.E.2d 181, ¶ 1 (8th Dist.), fn. 1 (East Cleveland Police Department is not sui juris); *Richardson*, 2000 WL 1847588 at *2 (citing numerous cases holding various law enforcement departments are not sui juris, including the Cleveland Police Department; Lebanon Police Department; Butler County Sheriff's Department; Fairfield Police Department; Oxford Police Department; Windham Township Police Department; and the Akron Police Department); *Petty v. County of Franklin*, 478 F.3d 341, 347 (6th Cir.2007), *abrogated on other grounds by Bailey v. City of Ann Arbor*, 860 F.3d 382, 389 (6th Cir.2017) (Franklin County

To the extent that Plaintiffs have sued the Lorain County Sheriff's Department (or Lorain County Swat), the case law clearly demonstrates that the Sheriff's Office is not an entity that is capable of suing or being sued. Plaintiffs' Second Amended Complaint therefore cannot survive this motion to dismiss.

### 3. Plaintiffs' Federal Law Claims Fail as a Matter of Law.

#### a. Plaintiffs Fail to Allege any Actionable Conduct as to These Defendants.

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Adkins*, 487 U.S. 42, 48 (1988). If a plaintiff fails to make a showing on any essential element of a §1983 claim it must fail. *Id.* Because vicarious liability is inapplicable to § 1983 suits, a plaintiff must plead that each defendant, through the defendant's own individual actions, violated the Constitution. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Plaintiffs make vague and conclusory allegations that the Lorain Defendants violated their rights or failed to act appropriately, which are insufficient to survive a motion to dismiss. Any of the allegations against these Defendants fail to allege any actual conduct related to Plaintiffs at all, let alone that violated Plaintiffs' constitutional rights. Even if the Court were to overlook the vague and wholly inadequate factual allegations in the Second Amended Complaint, Plaintiffs are unable to prevail on the merits for any of their claims.

---

Sheriff's Office is not sui juris); *Mattox v. Ashtabula Township*, N.D.Ohio No. 1:04CV2258, 2005 WL 1126743, *1 (April 20, 2005) (Ashtabula County Sheriff's Department is not sui juris); *Yoel v. Gandolf*, N.D.Ohio No. 1:06 CV 3087, 2007 WL 777983, *5 (March 12, 2007) (Lake County Sheriff's Office is not sui juris).

Plaintiffs' allegations are only legal conclusions and there are not allegations that these Defendants engaged in any conduct related to Plaintiffs at all. As a result, Plaintiffs' federal law claims fail as a matter of law.

> **b.  Any claims asserted by Martin Robinson are barred by the statute of limitations.**

It is well established that the limitations period for § 1983 actions arising in Ohio is two years. *Kuhnle Bros., Inc. v. County of Geauga*, 103 F.3d 516, 519 (6th Cir. 1997); citing *en banc Browning v. Pendleton*, 869 F.2d 989, 991 (6th Cir.1989) (stating that "when a state, like Ohio, has multiple statutes of limitation for personal injury actions, the appropriate state statute of limitations to borrow for claims brought under 42 U.S.C. § 1983 is the residual or general personal injury statute of limitations, not any statute of limitations for specific intentional tort" (citations omitted)). The two-year statute of limitations "'begins to run when plaintiffs knew or should have known of the injury which forms the basis of their claims.'" *Hodge v. City of Elyria*, 126 Fed.Appx 222, 224 (6th Cir.2005), quoting *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir.2001).

Courts throughout the Sixth Circuit have routinely held that a claim for an unlawful search and seizure accrues on the date that the search and seizure takes place. *See Harper v. Jackson*, 293 Fed. Appx. 389, FN1 (6th Cir. 2008)(claim for illegal search and seizure under §1983 accrued on the date of the alleged illegal search and seizure); *Sharpe v. City of Springfield*, S.D. Ohio No. 3:10-cv-00027, 2010 WL 1258131 (Feb. 23, 2010); *Pethel v. Washington County Sheriff's Office*, S.D. Ohio No. 2:06-cv-799, 2007 WL 2359765 (Aug. 16, 2007); *Davis v. Clark County Bd. of Com'rs*, S.D. Ohio No. 3:08-cv-0412, 2010 WL 333651, *3 (Jan. 21, 2010) ("In instances of unlawful search and seizure, then the cause of action accrues when the injured person becomes

8

aware that the search and property seizure occurred, not when the warrant is legally adjudicated to have been defective.")

Plaintiffs clearly allege that the events surrounding their claims occurred on May 31, 2018. Doc. 9, ¶4. Therefore, the statute of limitations for Plaintiff Robinson's claims expired on May 31, 2020. With that date in mind, Plaintiff Robinson did not allege any claims until the filing of the Second Amended Complaint on November, 18, 2020. As a result, the Second Amended Complaint was filed more than five months after the expiration of the statute of limitations. Therefore, any claims asserted by Plaintiff Robinson are barred by the statute of limitations and his purported claims must be dismissed with prejudice as a matter of law.

### c. Any claims asserted against Robinson are barred by the *Heck* doctrine.

It is well settled that a plaintiff does not state a cognizable claim under Section 1983 if a ruling on his claim would necessarily imply the invalidity of his conviction and confinement, until the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994, the Supreme Court held that §1983 claims cannot be maintained if the claims imply the invalidity of a prior state court conviction. *Heck*, 512 U.S. at 487, 114 S.Ct. 2364.

Plaintiff Robinson's claims challenging the execution of the search and arrest warrant clearly falls within the application of *Heck*. His claims necessarily imply the invalidity of his ultimate criminal conviction but there is no dispute that he was convicted and sentenced to prison. As a result, any claims related to the execution of the search warrant and conduct of the officers during the course of the execution of that search warrant fail as a matter of law.

### d. Defendants Hurlburt, Tester and Adams are entitled to Qualified Immunity.

"Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 817-818 (1982). Qualified immunity is an immunity from suit rather than a mere defense to liability. *Pearson v. Callahan*, 129 S.Ct. 808, 818 (2009) (citing *Mitchell v. Forsythe*, 472 U.S. 511 (1985)). Whether an official protected by qualified immunity may be held personally liable for an allegedly unlawful action generally turns on the "objective legal reasonableness of the action." *Anderson v. Creighton*, 483 U.S. 635, 638 (1987).

When a defendant-employee raises qualified immunity as an affirmative defense, the plaintiff bears the burden of demonstrating that the defendant-employee is not entitled to that defense. *Moldowan v. City of Warren*, 578 F. 3d 351, 375 (6th Cir.2009). Qualified immunity shields federal and state officials from liability unless the plaintiff can prove: (1) that the official violated a statutory or constitutional right; and (2) that the right was 'clearly established' at the time of the challenged conduct. *Pearson*, 129 S.Ct. at 815-16. "The right claimed must be more than merely a generalized right; it must be clearly established in a particularized sense so that a reasonable official in the defendant's position knows that his actions violate the right." *Armengau v. Cline*, 7 F. App'x 336, 345 (6th Cir.2001).

Plaintiffs' Second Amended Complaint alleges general police misconduct without setting forth the required factual support as to what exactly those claims are. The federal claims are unclear but appear to allege violation of First Amendment rights and an overly broad search among other amorphous claims. However, these claims have no merit.

10

Moreover, Plaintiffs in this case fail to allege sufficient facts to establish that Defendants violated the Plaintiffs' constitutional rights or that their constitutional right was clearly established. As a result, the Lorain Defendants are entitled to qualified immunity and all claims against them fail as a matter of law.

### 4. Ohio Revised Code Chapter 2744 Immunizes Defendants to Plaintiffs' State Law Claims.

Chapter 2744 of the Ohio Revised Code, the Political Subdivision Tort Liability Act (hereinafter "the Act"), grants immunity to political subdivisions. *Theobald v. Board of County Com'rs of Hamilton County, Ohio*, 332 F.3d 414, 416 (6th Cir.2003). The Act requires a three-tiered analysis to determine whether it immunizes a political subdivision from civil liability. *Hubbard v. Canton City Sch. Bd. of Edn*, 2002-Ohio-6718, 97 Ohio St. 3d 451, 780 N.E.2d 543, ¶ 10 (citing *Cater v. City of Cleveland*, 83 Ohio St.3d 24, 28, 697 N.E.2d 610 (1998)). The Ohio Supreme Court has observed the general rule is that "political subdivisions are not liable in damages." *Hubbard,* p. 416.; *see also Howard v. Miami Twp. Fire Div.*, 119 Ohio St.3d 1, 2008-Ohio-2792, 891 N.E.2d 311, ¶ 18 (analysis begins with the understanding that political subdivisions are not liable generally for injury or death to persons in connection with the political subdivision's performance of a governmental or proprietary function).

Second, the court considers whether an exception to the general rule of immunity applies. *Id.* (citing R.C. § 2744.02(B)). If an exception does apply, the court must determine whether the political subdivision can still establish immunity by demonstrating another statutory defense. *Id.* (citing R.C. § 2744.03).

### a. The Sheriff's Office is a Political Subdivision Engaged in a Governmental Function.

11

Two criteria must be satisfied in order for an entity to be entitled to immunity under Chapter 2744.  First, the defendant attempting to invoke the immunity must be a "political subdivision" as defined in R.C. § 2744.01(F).  *See Rieger v. Marsh*, 2nd Dist. Montgomery No. 24581, 2011-Ohio-6808, ¶ 13-20 (holding that a city police department and prosecutor's office are not political subdivisions).  Second, the political subdivision must have been engaged in either a governmental function or a proprietary function.  The Act does not define a function as governmental based on the type of entity engaged in the activities.  *Cramer v. Auglaize Acres*, 3rd Dist. Auglaize No. 2–04–39, 2005-Ohio-3609, ¶ 15-43, *aff'd in part, rev'd in part*, 113 Ohio St. 3d 266, 2007-Ohio-1946, 865 N.E.2d 9 (citing *Greene*, 89 Ohio St.3d at 560, 733 N.E.2d 1141).  Rather, the Act looks to the nature of the activities themselves to determine whether a function is governmental.  *Id.*

The Sheriff's Office, as part of Lorain County, is a political subdivision within the meaning of the Act.  R.C. § 2744.01(F) defines the term "Political Subdivision," as inter alia, "a county... or other body corporate and politic responsible for governmental activities in a geographic area smaller than that of the state."  Accordingly, there can be no question that the Act entitles the Sheriff's Office to immunity as a political subdivision.

Additionally, the events Plaintiffs allege in the Complaint are governmental functions.  The Act defines the term "governmental function" at R.C. § 2744.01(C).  Explicitly included in the definition of the term are (1) the provision or nonprovision of *police*, fire, emergency medical, ambulance, and rescue services or protection; and (2) the *enforcement* or nonperformance of *any law*.  R.C. § 2744.01(C)(2)(a), (b), (i) (emphasis added).  The actions of the Sheriff's Office, as Plaintiffs allege them in the Complaint, are consistent with the law enforcement duties described above.  This means the Sheriff's Office was engaged in a governmental function.  The first tier of the sovereign immunity analysis is thus satisfied.

Once presumptive sovereign immunity is established, Plaintiffs may overcome that immunity only if they can show that one of the five exceptions to immunity apply. Under R.C. § 2744.02(B), exceptions only exist for injuries or deaths arising out of:

1) negligent operation of a motor vehicle;
2) negligent performance of a proprietary function;
3) negligent failure to keep public roads in repair or negligent failure to remove obstructions from public roads;
4) physical defects in buildings used for governmental functions and their grounds caused by employee negligence; and
5) another section of the Revised Code expressly imposing civil liability.

R.C. § 2744.02(B)(1)-(5).

No immunity exceptions apply in this case, and, as a result, the Sheriff's Office is entitled to judgment as a matter of law. Plaintiffs do not allege this case involves the operation of a motor vehicle, failure to keep roads in repair, or physical defects in a building used for a governmental function. Furthermore, the provision of police services, as discussed above, is a governmental function and thereby excluded by definition from the term "proprietary" function. *See Frazier v. City of Kent*, 11th Dist. Portage, Nos. 2004-P-0077, 2004-P-0096, 2005-Ohio-5413, ¶ 28 (holding that "proprietary functions" and "governmental functions" are mutually exclusive concepts). Finally, Plaintiffs allege no violation of a section of the Revised Code expressly imposing liability here, nor does any such statute exist.

### b. The Individual Lorain Defendants are Immune Under R.C. § 2744.

The Act immunizes the individual Lorain Defendants. Given their statutory duties to arrest and detain individuals violating the law, the burden necessary to deny immunity to those officers is onerous. *Argabrite v. Neer*, 149 Ohio St. 3d 349, 2016-Ohio-8374, ¶ 31. No immunity exception applies, and Plaintiffs have not alleged plausible facts to support any exceptions.

Employees of a political subdivision are generally not liable for injury, death or loss to persons or property incurred in connection with the performance of a governmental function of that political subdivision.  R.C. § 2744.02(A)(1); *Cutts v. City of Canton*, Fifth Dist. Stark No. 1997CA00405, 1998 WL 429910, at *5 (July 6, 1998).  The three exceptions to this "blanket immunity" provision are:

  a) The employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities;

  b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;

  c) Another section of the Revised Code expressly imposes civil liability.

R.C. § 2744.03(A)(6); *Cutts*, 1998 WL 429910, at *5.

The "blanket immunity" provision provides sovereign immunity to the individual Lorain Defendants because the Sheriff's Office is a political subdivision performing a governmental function.  *Cutts*, 1998 WL 429910, at *5.  The actions of the individual Lorain Defendants were well within the scope of their statutory obligations given their statutory duties to arrest and detain individuals violating the law.  *Argabrite,* 2016-Ohio-8374 at ¶ 31.  No section of the Revised Code expressly imposes liability for the actions Plaintiffs allege in the Complaint.  Plaintiffs can overcome this immunity only if the Lorain Defendants acted maliciously, in bad faith, or in a wanton or reckless manner.  *Id.*

Plaintiffs have not alleged facts that would support claims of malice, bad faith, wantonness, or recklessness.  The conclusory Complaint provides mere legal conclusions of fraud, deceit, breach of peace, violating first amendment rights, gross negligence, intentional infliction of emotional distress, dereliction of duty, harassment, and intimidation.  Compl. at ¶ 4-11. Yet the Complaint does not allege sufficiently plausible facts to support these claims.  The Complaint

requires more than an unadorned, "the-defendant-unlawfully-harmed-me" accusation, especially given Plaintiffs' onerous burden here. *DiGiorgio v. Cleveland*, 8th Dist. Cuyahoga No. 95945 2011-Ohio-5878, ¶ 49 (internal citations omitted). Plaintiffs do not allege Defendants arrested them, used excessive force against them, or committed any other conduct that could arguably be actionable, let alone malicious, in bad faith, wantonness, or reckless.

Serving search warrants is a fundamental aspect of law enforcement. The equipment Plaintiffs identify in the Complaint are lawful tools to carry out Defendants' duties while protecting themselves and the public. Further, Plaintiffs have not alleged how Defendants unlawfully misused their equipment as to these Plaintiffs in a way that overcomes their presumptive immunity. Plaintiffs' distress from observing law enforcement officers using such equipment does not meet Plaintiffs' onerous burden of plausibly alleging conduct rising to the level of malice, bad faith, wantonness, or recklessness.

The exception to immunity contained at R.C. § 2744.03(A)(6)(c), which permits liability for acts or omissions committed with malicious purpose, in bad faith, or in a wanton or reckless manner, similarly does not apply. "Willful misconduct implies an intentional deviation from a clear duty or from a definite rule of conduct, a deliberate purpose not to discharge some duty necessary to safety, or purposefully doing wrongful acts with knowledge or appreciation of the likelihood of resulting injury*." Anderson v. Massillon*, 134 Ohio St.3d 380, 2012-Ohio-5711, ¶ 32 (Ohio). "Wanton misconduct" is the failure to exercise any care toward those to whom a duty of care is owed in circumstances where there is a probability that harm will result." *Id.*, at ¶ 33. "Reckless conduct" is characterized by a conscious disregard or indifference to a known or obvious risk of harm to another that is unreasonable under the circumstances and is substantially greater than negligent conduct. *Id.*, at ¶ 34.

As stated previously, there are no specific factual allegations that these Defendants took any action whatsoever toward the Plaintiffs. Further, Plaintiffs have not alleged facts that would support claims of malice, bad faith, wantonness, or recklessness. The Amended Complaint requires more than an unadorned, "the-defendant-unlawfully-harmed-me" accusation, especially given Plaintiffs' onerous burden here. *DiGiorgio v. Cleveland*, 8th Dist. Cuyahoga No. 95945 2011-Ohio-5878, ¶ 49 (internal citations omitted). Plaintiffs do not allege Defendants arrested them, used excessive force against them, or committed any other conduct that could arguably be actionable, let alone malicious, in bad faith, wanton, or reckless.

The Ohio Supreme Court recognizes that the role of law enforcement officers in our society creates a unique lens through which to view their actions. *Argabrite*, 149 Ohio St. 3d 349, 2016-Ohio-8374, at ¶ 16. Given this "unique lens," the court has found that dangerous but necessary police conduct does not by itself constitute malice, bad faith, wantonness, or recklessness, even if the general public finds such conduct distressing. *See Argabrite.* Even though Plaintiffs may have found unsettling Defendants' use of an armored vehicle, machine guns, and sniper rifles to serve a warrant, there is nothing in the Complaint to suggest actionable conduct from Defendants' use of this equipment. Plaintiffs' claims against the individual Lorain Defendants should therefore be dismissed with prejudice.

**IV.      CONCLUSION**

For these reasons, Defendants Motion to Dismiss should be granted, all claims against them should be denied.

Respectfully submitted,

MAZANEC, RASKIN & RYDER CO., L.P.A.

*s/Terence L. Williams*
JOHN T. MCLANDRICH  (0021494)
TERENCE L. WILLIAMS  (0081363)
100 Franklin's Row
34305 Solon Road
Cleveland, OH  44139
(440) 248-7906
(440) 248-8861 – Fax
Email:   jmclandrich@mrrlaw.com
             twilliams@mrrlaw.com

Counsel for Defendants Officer Heath Tester, Deborah Hurlburt, Paul Adams, Lorain County Sheriff's Department

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 2, 2020, a copy of the foregoing Motion to Dismiss was filed electronically.  Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.  A copy has also been sent by first-class United States mail or email to the following:

| | |
|---|---|
| Maiya McCoy<br>1816 Clover Ave.<br>Cleveland, OH  44109<br><br>Pro Se Plaintiff | David M. Smith, Esq.<br>Mazanec, Raskin & Ryder Co., L.P.A.<br>100 Franklin's Row<br>34305 Solon Road; Solon, OH  44139<br>Email: dsmith@mrrlaw.com<br>*Attorney for Defendants Chief Duane Whitely, Elyria Police Department, Holly Brinda, Robert Whiting* |
| Jennifer Ginley<br>750 Oliver Street<br>Sheffield Lake, OH 44054<br><br>Pro Se Plaintiff | R. Todd Hunt, Esq.<br>Wesley M. Kretch, Esq.<br>Walter Haverfield, LLP<br>1301 East Ninth Street, Suite 3500<br>Cleveland, OH  44114-1821<br>Email: rthunt@walterhav.com<br>        wkretch@walterhav.com<br>*Counsel for Defendants Tony Campo & Sheffield Lake Police Department* |
| Laura Thompson<br>770 Oliver St.<br>Sheffield Lake, OH  44054<br><br>Pro Se Plaintiff | R. Eric Smearman, Esq.<br>Kallen L. Boyer, Esq.<br>Smith Marshall, LLP<br>7251 Engle Road, Suite 404<br>Middleburg Heights, OH 44130<br>Email: res@smithmarshall.com<br>        klb@smithmarshall.com<br>*Counsel for Defendant John Hunter* |

                                        *s/Terence L. Williams*
                                        JOHN T. MCLANDRICH  (0021494)
                                        TERENCE L. WILLIAMS  (0081363)

                                        Counsel for Defendants Officer Heath Tester, Deborah Hurlburt, Paul Adams, Lorain County Sheriff's Department