**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **MAIYA McCOY, et al.,** | ) | **CASE NO. 1:20 CV 2489** |
| | ) | |
| Plaintiffs, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| **STATE OF OHIO, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

On May 11, 2020, *pro se* Plaintiffs Maiya McCoy, Laura Thompson, and Jennifer Ginley filed an action in Lorain County Court of Common Pleas against numerous defendants, including the Sheffield Lake Police Department, Lorain County SWAT team, Lorain County Sheriff's Department, Officer Heath Tester, Deborah Hurlburt, Paul Adams, "unk[nown] Lorain County negotiator," Elyria Police Department, Elyria Police Chief Duane Whitely, and the former Mayor of Elyria, Holly Brinda. *See McCoy, et al. V. Sheffield Lake Police Dep't.*, et al., Lorain County Court of Common Pleas, Case No. 20CV210124.

Then on October 21, 2020, Plaintiffs filed a second complaint, which this Court construes as an Amended Complaint, entitled "Complaint Against Police Misconduct Pursuant to ... 42 U.S.C. § 1983." In this Amended Complaint, Plaintiffs purport to allege that Defendants violated their constitutional rights and their civil rights. Doc. No. 1-2 at Page ID #6. On November 3, 2020, Defendants Tester, Hurlburt, Adams, and Lorain County Sheriff's

Department initiated this action by filing a Notice of Removal. Doc. No. 1.

On November 18, 2020, Plaintiffs filed a Second Amended Complaint in this Court, in which they purport to add Martin Robinson as a plaintiff. Doc. No. 9. Thereafter, on December 14, 2020, Plaintiffs filed a Third Amended Complaint in which they attempt to add additional defendants, including "Ohio State Patrol-Trooper," Lonnie Butler, Ohio Department of Rehabilitation and Correction Director, Annette Chambers-Smith, "Assistant Deputy Hudson," Oberlin Police Officer Bashshar Whiley, Tony Campo, James Simone, Judge Chris D. Cook, Attorney John Toth, Laura Dezort, "another John Doe negotiator," Tony Cillo, and "john doe, john doe, john doe, et al." Doc. No. 20. On the same day, Plaintiffs also filed a "Motion for a Temporary Restraining Order and Preliminary Injunction Against Ohio Prison System and Abuse From Inmates." Doc. No. 19.

For the reasons that follow, this case is dismissed.

**A. Background**

As best the Court can discern, Plaintiffs' claims arise from the execution of an arrest warrant and search warrant served upon Martin Robinson on May 31, 2018. Plaintiffs McCoy, Thompson, and Ginley, filed an initial Complaint that appears to challenge certain defendants' actions in serving the warrants upon Robinson. Doc. No. 1-3. The Complaint includes several general allegations against "the defendants" and lacks factual detail. The entirety of the allegations includes:

> [1] The Defendants decided to take a scorched earth approach when they rammed an armored personal carrier/mine resistant MRAP into Robinsons home. They came equipped with Machine guns, snipers, and other available displays of militarized policing;

[2] The plaintiffs are accusing the defendants of fraud and deceit;

[3] The plaintiffs are accusing the defendants of a breach of peace;

[4] The Plaintiffs are accusing the defendants of violating first amendment rights;

[5] The defendants are accused of gross negligence when they used the force that was used;

[6] The defendants are accused of intentional tort when they caused severe and emotional distress on the plaintiffs as they terrorized the plaintiffs as well as other members of the community;

[7] The defendants are accused of exposing plaintiffs to unnecessary danger that was instigated by them. Defendants are accused of obstructing justice;

[8] Plaintiffs are accusing defendants of dereliction of duty; and

[9] Plaintiffs are accusing the defendants of harassment and intimidation causing emotional distress on many occasions.

It appears that Plaintiffs filed their Amended Complaint under 42 U.S.C. §1983 on behalf of themselves and Martin Robinson, who was not a party to the action. Doc. No. 1-2. The Amended Complaint contains few facts and is difficult to decipher. Plaintiffs appear to allege that they were bystanders who witnessed the execution of the warrants upon Robinson and that "the Defendants'" actions somehow constituted constitutional violations.

The Amended Complaint includes general allegations of "the Defendants" violating their First and Fourth Amendment rights. And the Amended Complaint states specifically that "the Lorain County SWAT team engaged in acts of false imprisonment against Laura Thompson and her 90-year-old mother-in-law," "Jennifer Ginley had to face retaliation and harassment for being a witness and recording officers who were engaging in what she saw as unlawful conduct," and Maiya McCoy's rights were violated when there was an overly broad search of

her cell phone which contained private photos, emails, and medical info." *Id.* at PageID # 8. The Amended Complaint further states that "[e]rroneous information was used to gain control of [the cell phone]" and "was [done] to justify the unnecessary acts caused by the defendants." *Id.* The Amended Complaint was purportedly filed by Plaintiffs McCoy, Thompson, and Ginley. The Amended Complaint, however, was unsigned. Rather, at the end of the document, the names "Laura Thompson," "Jennifer Ginley," and "Maiya McCoy" were typed, along with the words "pro se," in the signature block *Id.* at PageID # 13.

Plaintiffs' purported Second Amended Complaint added Martin Robinson as a plaintiff. Doc. No. 9. Robinson, however, did not sign the Second Amended Complaint. And once again, Plaintiffs McCoy, Thompson, and Ginley only typed their names in the signature block of the document, with the notation "pro se." Additionally, the Court notes that Plaintiffs filed this Second Amended Complaint without leave of Court. *Id.* at PageID # 192.

Plaintiffs' purported Third Amended Complaint, also filed without leave of Court, attempts to add additional defendants to the original action. Doc. No. 20. This complaint is likewise unsigned and contains only the typed names of McCoy, Thompson, Ginley, and Robinson, with the "pro se" notation after each name. *Id.* at PageID # 565. The purported motion for a temporary restraining order and preliminary injunction was filed the same day as the Third Amended Complaint. Doc. No. 19. The document appears to have been filed on behalf of Robinson and is signed by an individual (whose name is unclear) as "POA" on behalf of Robinson. The signature block also contains what appears to be another individual's signature, containing the notation "pro se." *Id.* at PageID # 547-48.

Numerous motions to dismiss or strike were also filed. The following motions

concerned Plaintiffs' Amended Complaint: Motion to dismiss for failure to state a claim, filed by Heath Tester, Deborah Hurlburt, Paul Adams, and Lorain County Sheriff's Department (Doc. No. 3); Motion to dismiss for failure to state a claim, filed by Duane Whitely, Robert Whiting, and Holly Brinda (Doc. No. 4); Motion to dismiss Plaintiffs' Amended Complaint, filed by John Hunter (Doc. No. 5); and Motion to dismiss for failure to state a claim, filed by Sheffield Lake Police Department and Tony Campo (Doc. No. 6). The following motions pertained to Plaintiffs' Second Amended Complaint: Motion to dismiss Plaintiffs' Second Amended Complaint, filed by Whitely, Whiting, and Brinda (Doc. No. 10); Motion to dismiss for failure to state a claim, filed by Tester, Hurlburt, Adams, and Lorain County Sheriff's Department (Doc. No. 12); Motion to dismiss for failure to state a claim, filed by Hunter (Doc. No. 13); Motion to dismiss for failure to state a claim, filed by Sheffield Lake Police Department and Campo (Doc. No. 14); and Joint motion to strike Plaintiffs' Second Amended Complaint, filed by Sheffield Lake Police Department, Campo, Tester, Hurlburt, Brinda, Elyria Police Department, Whitely, Whiting, Hunter, Adams, and the Lorain County Sheriff's Department (Doc. No. 15).

Finally, on December 4, 2020, Plaintiff McCoy filed a motion to file documents under seal (Doc. No. 17). Defendant Sheffield Lake Police Department opposed the motion on December 11, 2020.

**B. Standard of Review**

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). And the Court holds a *pro se* complaint to a less stringent

-5-

standard than one drafted by an attorney. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)). A district court may, however, *sua sponte* dismiss a complaint at any time pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction "when the allegations of a Complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (citing *Hagans v. Levin*, 415 U.S. 528, 536-37, 94 S. Ct. 1372, 39 L. Ed. 2d 577 (1974)).

In other words, a district court may *sua sponte* dismiss a claim under Rule 12(b)(1) where that claims lacks the "legal plausibility necessary to invoke federal subject matter jurisdiction." *Id.* at 480. Under these circumstances, a district court need not provide a plaintiff the opportunity to amend his or her complaint. *Id.* at 479. The Plaintiff has the burden of proving subject matter jurisdiction in order to survive dismissal pursuant to Rule 12(b)(1). *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir.1996). Lack of subject matter jurisdiction is a non-waivable, fatal defect. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir.1990).

**C. Analysis**

### 1. Pro se Pleadings

A party may plead and conduct his or her case in person or through a licensed attorney. *See* 28 U.S.C. § 1654; *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991). A *pro se* litigant, however, may not represent anyone other than himself or herself. *See e.g. Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir.1998) ("[I]n federal court a party can represent himself or be represented by an attorney, but [he] cannot be represented by a

nonlawyer"); *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir.1997) ("While a non-attorney may appear *pro se* on his own behalf, he has no authority to appear as an attorney for others than himself"); *see also Jackson v. Kment*, E.D.Mich. No. 13 CV 10819, 2016 U.S. Dist. LEXIS 33684, * 20 (Mar. 16, 2016) (finding Plaintiff lacks standing to seek injunctive relief on behalf of "his friends and family members"). And an adult litigant who wishes to proceed *pro se* must personally sign the Complaint or Petition to invoke the Court's jurisdiction. *Steelman v. Thomas*, 848 F.2d 194 (6th Cir. 1988); *Banks v. Valaluka*, N.D.Ohio No. 1:15 CV 1935, 2015 U.S. Dist. LEXIS 156558, * 23 (Nov. 18, 2015) (citing 28 U.S.C. § 1654).

Upon review, the Court finds that Martin Robinson did not physically sign any of the complaints filed in this action. The Court is therefore without jurisdiction to hear Robinson's claims. To the extent that Plaintiffs McCoy, Thompson, and Ginley seek to represent Robinson's interests, there is no indication from any of the complaints that Plaintiffs are attorneys licensed to practice law. Plaintiffs therefore lack standing to represent Robinson's interests. The fact that Robinson has a power of attorney, who allegedly signed the Motion for a temporary and preliminary injunction (Doc. No. 19), does not change this result. Because 28 U.S.C. § 1654 clearly makes no provision for a nonattorney's representation of another individual in federal court, a power of attorney is an ineffective means to represent another's interests. *J.M. Huber Corp. v. Roberts*, No. 88–6160, 1989 U.S. App. LEXIS 1820, 1989 WL 16866, at * 1 (6th Cir. Feb.17, 1989); *Huff v. First Energy Corp.*, No. 5:12cv2583, 2013 U.S. Dist. LEXIS 98631, 2013 WL 3715174, at *3-4 (N.D. Ohio July 15, 2013); *Lester v. Michigan*, No. 1:19 CV 354, 2019 U.S. Dist. LEXIS 98505, 2019 WL 2442316, at *2 (W.D. Mich. June 12, 2019). Accordingly, the Court will recognize only McCoy, Thompson, and Ginley as the

proper plaintiffs in this action and any claims concerning Robinson will not be considered.

The Court notes, however, that Plaintiffs filed their Second and Third Amended Complaints, which seek to add a party plaintiff and several defendants, without leave of Court. Furthermore, McCoy, Thompson, and Ginley did not sign the Amended Complaint, the Second Amended Complaint, or the Third Amended Complaint.  For the reasons previously discussed, the Court cannot consider the complaints that were not signed by each individual representing herself.

### 2. Plaintiffs' § 1983 Claims

Even if McCoy, Thompson, and Ginley had signed the additional complaints and this Court considers Plaintiffs' claims, however, Plaintiffs' claims lack the legal plausibility necessary to invoke federal subject matter jurisdiction.

Although it is difficult for the Court to discern much of Plaintiffs' allegations, Plaintiffs' Amended Complaint is entitled "Complaint against police misconduct pursuant to ... 42 U.S.C. § 1983."  And the Amended Complaint, as well as the Second and Third Amended Complaints, contain general statements, "accusations," and conclusory allegations.  Even liberally construing the complaints, Plaintiffs' sparse and confusing factual allegations, and conclusory legal assertions against specified and unspecified defendants, do not support a plausible § 1983 civil rights claim upon which relief may be granted.

To state a claim under § 1983, the plaintiff must show that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980) (citation omitted).  Civil rights claims "'must be pled with some degree of specificity and ... vague and conclusory

allegations unsupported by material facts will not be sufficient to state such a claim under § 1983.'" *Briscoe v. Jackson*, 285 F. App'x 205, 208 (6th Cir. 2008) (quoting *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008) (further citation omitted)).

Moreover, a complaint must "'give the defendants 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Lillard v. Shelby Cty. Bd. of Edn.*, 76 F.3d 716, 726 (6th Cir.1996) (quoting *Cheriee Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir.1994). And "it is not the obligation of the Court to dissect [Plaintiffs'] complaint to divine who Plaintiff[s] believe[] committed certain actions." *Moore v. Michigan*, No. 1:07 CV 561, 2008 WL 724151, at *9 (W.D. Mich. Mar. 17, 2008) (citing *Veney v. Hogan*, 70 F.3d 917, 922 (6th Cir. 1995)).

To the extent Plaintiffs allege in their complaints that "the defendants" violated their civil rights, those claims are dismissed. Plaintiffs must offer more than a "the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Veney,* 70 F.3d at 922. Where a complaint fails to allege wrongdoing by a particular defendant, it "falls far short of the standard that is necessary to weed out meritless actions." *Id.* And where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. See *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries").

-9-

To the extent that Plaintiffs allege in their complaints (Doc. No. 1-2 at PageID # 10 and Doc. No. 9 at PageID #190) that Defendants "Officer Jim Simone...Cleveland Municipal Court, John Hunter of Sheffield Village, Paul Adams, John Doe 1, John Doe 2, John Doe 3, John Doe 4, John Doe 5, John Doe 6, John Doe 7, Joe Doe 8, John Doe 9, John Doe 10, John Doe 11, John Doe 12, and other John Does" harassed and intimated them and "follow[ed Plaintiffs] and harass[ed] at places of employment," Plaintiffs claim is completely devoid of any factual basis supporting a constitutional violation. Similarly, Plaintiffs' statement (Doc. No. 9 at PageID #189) that they "were all witnesses when the SWAT team came to serve a warrant on Martin Robinson" fails to provide any facts demonstrating how Plaintiffs' witnessing the execution of a search or arrest warrant constituted a violation of Plaintiffs' civil rights. These claims are therefore so implausible, unsubstantial, frivolous, and devoid of merit that the Court lacks jurisdiction to consider the claim. *Apple*, 183 F.3d at 479.

Regarding Plaintiff Laura Thompson, the complaints allege that the Lorain County SWAT team "engaged in unnecessary acts of false imprisonment." Doc. No. 1-2 at PageID #8; Doc. No. 9 at PageID #185. This allegation fails to provide any facts to suggest how the SWAT team unlawfully restrained her. Thompson's claim against the SWAT team is therefore so implausible and devoid of merit that the Court lacks jurisdiction to consider the claim. *Apple*, 183 F.3d at 479.

Regarding Plaintiff Jennifer Ginley, the complaints allege that Ginley "had to face retaliation and harassment for being a witness and recording officers who were engaging in what she saw as unlawful conduct." *Id.* The Second Amended Complaint included the statement that Ginley "was charged with misconduct at an emergency for walking outside of her

-10-

home to see what was going on..." Doc. No. 9 at PageID #185. The allegations, however, fail to plead any facts that would demonstrate how any particular defendant harassed her or retaliated against her, or how such conduct constituted a violation of her civil rights. Ginley's claim is therefore so implausible and devoid of merit that the Court lacks jurisdiction to consider the claim. *Apple*, 183 F.3d at 479.

Finally, the complaints contain the following allegations pertaining specifically to McCoy: "Debbie Hurlburt ... violat[ed Plaintiff's] First Amendment rights." (Doc. No. 1-2 at PageID # 8); "McCoy's rights were violated when there was an overly broad search of her cell phone which contained private photos, emails, and medical info. Erroneous information was used to gain control of it. This was used to justify the unnecessary acts caused by the defendants." (Doc. No. 1-2 at PageID # 8 and Doc. No. 9 at PageID # 188); "the John Does were a lot of off-duty police officers ... that came to terrorize her" (Doc. No. 20 at PageID # 554); and "John Hunter came to McCoy's work with another gentleman to intimidate and coerce [McCoy]..." (*Id.*). These conclusory allegations lack any factual basis to support a constitutional violation under § 1983. McCoy's claims are so implausible and devoid of merit that the Court is deprived of jurisdiction. *Apple*, 183 F.3d at 479. Her claims are therefore dismissed.

Even liberally construing the complaints, Plaintiffs' sparse and confusing factual allegations, and conclusory legal assertions against specified and unspecified defendants, do not support a plausible § 1983 civil rights claim upon which relief may be granted. Plaintiffs' § 1983 civil rights action is dismissed as to all defendants pursuant to *Apple v. Glenn*.

**D. Conclusion**

-11-

For all of the foregoing reasons: (1) Robinson's claims are dismissed without prejudice, and McCoy's, Thompson's, and Ginley's claims are dismissed pursuant to *Apple v. Glenn*; (2) Plaintiffs' Motion For a Temporary Restraining Order and Preliminary Injunction (Doc. No. 19) is denied; (3) the Motions to Dismiss filed by the following defendants are denied as moot: Tester, Hurlburt, Adams, and Lorain County Sheriff's Department (Doc. Nos. 3, 12); Whitely, Whiting, and Brinda (Doc. Nos. 4, 10); Hunter (Doc. Nos. 5, 13); and Sheffield Lake Police Department and Campo (Doc. Nos. 6, 14); (4) the Joint Motion to Strike Plaintiffs' Second Amended Complaint (Doc. No. 15) is denied as moot; and (5) Plaintiffs' Motion to file documents under seal (Doc. No. 17) is denied as moot.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

_____ 12/18/2020
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**